**FILED**
MAY 19 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER FOUNDATION  )
1818 N Street, N.W.  )
Suite 410  )
Washington, DC 20036,  )
)
                    Plaintiff,

v.

DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, N.W.  )
Washington DC 20530,  )
)
                    Defendant.  )

Case: 1:11-cv-00939
Assigned To : Leon, Richard J.
Assign. Date : 5/19/2011
Description: FOIA/Privacy Act

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Electronic Frontier Foundation ("EFF") seeks injunctive and other appropriate relief for the processing and release of agency records requested by plaintiff from defendant Department of Justice ("DOJ"). Specifically, plaintiff seeks disclosure of a memorandum prepared by DOJ's Office of Legal Counsel ("OLC") in January 2010 concerning statutory provisions governing the conduct of electronic surveillance.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

3. Plaintiff EFF is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, DC. EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology, and to act as a defender of those liberties. In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

4. Defendant DOJ is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). OLC is a component of defendant DOJ.

## Government Acquisition of Communications Data and the OLC Memorandum

5. In January 2010, DOJ's Office of the Inspector General ("OIG") released a report entitled, "A Review of the Federal Bureau of Investigation's Use of Exigent Letters and Other Informal Requests for Telephone Records," its third report in response to the requirements of the USA PATRIOT Improvement and Reauthorization Act of 2005. The first two reports issued in response to that Act focused on the FBI's massive abuse and misuse of National Security Letters ("NSLs"), a secret administrative subpoena authority that was expanded under the USA PATRIOT Act of 2001 and is used to obtain, *inter alia*, telephone records in national security investigations. The third OIG report focused on the FBI's widespread use of informal requests to communications service providers to obtain telephone records without any legal process at all, and in violation of 18 U.S.C. § 2702 of the Stored Communications Act, that portion of the Electronic

Communications Privacy Act ("ECPA") regulating provider disclosures and government demands for communications records and content.

6. The final, publicly released OIG report revealed that after it reviewed a draft of the report before release, the FBI asserted for the first time a new legal theory defending the legality of its obtaining certain types of telephone records in national security investigations without the use of NSLs or any other legal process. The report further revealed that the FBI had requested the OLC's opinion on the issue, and that the resulting OLC opinion—issued on January 8, 2010—concurred with the FBI's argument that ECPA allowed the FBI to seek and obtain certain types of telephone records on a voluntary basis from providers without legal process or a qualifying emergency.

7. Due to redactions, the unclassified version of the OIG report did not specify the particular exception in the statute that the FBI and OLC were relying on for their novel legal conclusion, or what category of telephone records it purportedly applied to. However, the public version of the report did clearly express the OIG's grave concerns about the FBI's and OLC's new reading of the law, noting the OIG's belief that the newly argued exception "creates a significant gap in FBI accountability and oversight that should be examined closely by the FBI, the Department, and Congress," and further noting that although "[t]he FBI has stated that it does not intend to reply on [its newly argued exception] . . . that could change, and we believe that appropriate controls on such authority should be considered now, in light of the FBI's past practices . . . ." The OIG concluded with a recommendation that DOJ notify Congress of the issue and of the OLC opinion interpreting the scope of the FBI's authority, so that Congress could consider the matter.

8. In response to a FOIA request by a journalist for the January 8, 2010, OLC memorandum discussed in the OIG report, the OLC revealed in a response letter dated February 8, 2011, that the memo specifically addressed the FBI's authority under 18 U.S.C. 2511(2)(f), thereby identifying the statutory provision relied upon by the FBI in arguing that it did not require legal process to obtain voluntary disclosure of certain telephone records.

### Plaintiff's FOIA Request and DOJ's Withholding Decision

9. By letter sent by electronic mail to defendant DOJ's component OLC on February 15, 2011, plaintiff requested under the FOIA "a copy of an OLC memorandum dated January 8, 2010, analyzing the authority of the FBI under [18 U.S.C. § 2511]."

10. By letter to plaintiff dated February 25, 2011, OLC acknowledged its receipt of plaintiff's FOIA request and stated that it "found one document that is responsive to [the] request" and that "[w]e are withholding the document pursuant to FOIA Exemptions One and Five, 5 U.S.C. § 552(b)(1) and (5)." OLC advised plaintiff of its right to file an administrative appeal of OLC's adverse determination.

11. By letter to defendant DOJ's Office of Information Policy ("OIP") dated March 9, 2011, plaintiff appealed OLC's determination to withhold the requested records.

12. By letter to plaintiff dated March 22, 2011, OIP acknowledged its receipt of plaintiff's administrative appeal on March 18, 2011.

13. To date, defendant DOJ has not issued a determination in response to plaintiff's administrative appeal under the FOIA.

14. Defendant DOJ has violated the applicable statutory time limit for rendering decisions on administrative appeals under the FOIA.

15. Plaintiff has exhausted the applicable administrative remedies.

16. Defendant DOJ has wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records

17. Plaintiff repeats and realleges paragraphs 1-16.

18. Defendant DOJ has wrongfully withheld agency records requested by plaintiff by determining to withhold the requested material, and failing to comply with the statutory time limit for rendering decisions on administrative appeals under the FOIA.

19. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DOJ's wrongful withholding of the requested records.

20. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

    A. order defendant DOJ to disclose the requested records in their entirety and make copies available to plaintiff;

    B. provide for expeditious proceedings in this action;

    C. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

    D. grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David L. Sobel

DAVID L. SOBEL
D.C. Bar No. 360418
Electronic Frontier Foundation
1818 N Street, N.W.
Suite 410
Washington, DC 20036
(202) 797-9009

Counsel for Plaintiff