IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ELECTRONIC FRONTIER FOUNDATION,    )
    )
    Plaintiff,    )
    )
    v.    )
    )    Civ. A. No. 1:11-cv-00939 (RJL)
DEPARTMENT OF JUSTICE,    )
    )
    Defendant.    )
_____  )

## ANSWER

Defendant, the United States Department of Justice ("DOJ"), by and through counsel,

hereby answers and otherwise responds to the Complaint for Injunctive Relief ("Complaint"),

upon information and belief as follows:

## FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this complaint because no records

have been improperly withheld.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## RESPONSES TO INDIVIDUAL AVERMENTS

Defendant responds to the numbered paragraphs of plaintiff's Complaint as set forth

below.

1.    This paragraph contains plaintiff's characterization of this lawsuit and does not

contain averments of fact to which a response is required.

## JURISDICTION AND VENUE

2.      This paragraph contains plaintiff's averments of jurisdiction and venue, to which no response is required.

## PARTIES

3.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph.

4.      Defendant admits the averments in this paragraph.

## Plaintiff's Averments Concerning "Government Acquisition of Communications Data and the OLC Memorandum"

5.      Defendant denies the averments in the first sentence of this paragraph except to admit that, in January 2010, the United States Department of Justice's ("Department" or "DOJ") Office of the Inspector General ("OIG") issued a report entitled "A Review of the Federal Bureau of Investigations's Use of Exigent Letters and Other Informal Requests for Telephone Records," which contained significant redactions to protect classified information and other sensitive information.  The remainder of the first sentence contains plaintiff's characterization of this report, to which no response is required, and defendant respectfully refers the Court to the report itself.  The second sentence of this paragraph contains plaintiff's characterization of reports issued by OIG in March 2007 and March 2008, to which no response is required.   To the extent that a response is deemed necessary, defendant  respectfully refers the Court to the OIG reports themselves.  The third sentence of this paragraph contains plaintiff's characterizations of the report issued by OIG in January 2010, to which no response is required.  To the extent a response is deemed necessary, Defendant respectfully refers the Court to the January 2010 OIG report itself.

6.   This paragraph contains plaintiff's characterizations of the contents of the OIG's January 2010 report, to which no response is necessary.  Defendant respectfully refers the Court to the report itself.  To the extent a response is deemed necessary, the allegations in this paragraph are denied.

7.   This paragraph contains plaintiff's characterizations of the contents of the OIG's January 2010 report, to which no response is necessary.   Defendant respectfully refers the Court to the report itself.  To the extent a response is deemed necessary, the allegations in this paragraph are denied.

8.   The allegations in this paragraph are denied, except that defendant admits that, by letter dated February 8, 2011, DOJ's Office of Legal Counsel ("OLC") responded to a January 8, 2010 FOIA request by identifying a January 8, 2010 OLC opinion as one of 237 documents responsive to that request.  Defendant respectfully refers the Court to OLC's letter of February 8, 2011.

### Plaintiff's FOIA Request and DOJ'S Withholding Decision

9.     Defendant admits that plaintiff Electronic Frontier Foundation made a FOIA request via a letter to OLC dated February 14, 2011, and respectfully refers the Court to the letter itself.

10.     Defendant admits that OLC timely responded to plaintiff's request via letter dated February 25, 2011 withholding a single record, and respectfully refers the Court to the letter itself.

11.     Defendant admits that, by letter to DOJ's Office of Information Policy (OIP) dated March 9, 2011, plaintiff asserted that it was appealing OLC's determination to withhold the requested record, and respectfully refers the Court to the letter itself.

12.     Defendant admits that, by letter to plaintiff dated March 22, 2011, OIP acknowledged receipt on March 18, 2011 of plaintiff's administrative appeal via letter dated March 22, 2011, and respectfully refers the Court to the letter itself.

13.      Denies all allegations contained in this paragraph except that defendant admits that DOJ had not issued a determination in response to plaintiff's administrative appeal at the time the Complaint was filed on May 19, 2011 and that Defendant closed the appeal file on May 24, 2011.

14.     Defendant denies all allegations contained in this paragraph.

15.     Defendant denies all allegations contained in this paragraph except that defendant admits that OIP did not rule on  plaintiff's administrative appeal prior to the filing of the Complaint.

16.     Defendant denies all allegations contained in this paragraph.

4

**CAUSE OF ACTION**

**Plaintiff's Averments Concerning alleged "Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records"**

17.      Defendant repeats its answers in paragraphs 1-16.

18.      Defendant denies all allegations contained in this paragraph

19.      Defendant denies all allegations contained in this paragraph except that defendant admits that OIP did not rule on  on plaintiff's administrative appeal prior to the filing of the Complaint.

20.      Defendant denies all allegations contained in this paragraph.

**Requested Relief**

This remaining unnumbered paragraph, including subparts A through D, contain plaintiff's demands for relief to which an answer is not required; however, insofar as an answer may be required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant further denies any and all allegations in the Complaint not expressly admitted herein.

WHEREFORE, defendant prays for an order: (1) denying plaintiff's requests for relief; and (2) awarding defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,

TONY WEST
 Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

JOHN R. TYLER
Assistant Director
Federal Programs Branch

Dated: June 20, 2011                            */s Elisabeth Layton*

ELISABETH LAYTON (D.C. Bar No.462227)
Senior Counsel
U.S. Department of Justice, Civil Division
20 Massachusetts Ave., NW, Rm. 7110
Washington, D.C.  20001
Telephone: (202) 514-3183
Fax: (202) 616-8470
elisabeth.layton@usdoj.gov

Counsel for Defendant