IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>   Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF JUSTICE,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civ. A. No. 1:11-cv-00939 (RJL)<br>)<br>)<br>)<br>) |

## DECLARATION OF PAUL P. COLBORN

I, Paul P. Colborn, declare as follows:

1.     I am a Special Counsel in the Office of Legal Counsel ("OLC") of the United

States Department of Justice (the "Department") and a career member of the Senior Executive

Service. I joined OLC in 1986, and since 1987 I have had the responsibility, among other things,

of supervising OLC's responses to requests it receives under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552. I submit this declaration in support of the Government's Motion for

Summary Judgment. These statements are based on my personal knowledge, on information

provided to me by OLC attorneys and staff working under my direction, and on information

provided to me by others within the Executive Branch of the Government.

## OLC'S RESPONSIBILITIES

2.     The principal function of OLC is to assist the Attorney General in his role as legal

advisor to the President of the United States and to departments and agencies of the Executive

Branch. OLC provides advice and prepares opinions addressing a wide range of legal questions

involving the operations of the Executive Branch. OLC does not purport, and in fact lacks

authority, to make policy decisions.  OLC's legal advice and analysis may inform the decision-making of Executive Branch officials on matters of policy, but OLC's legal advice is not itself dispositive as to any policy adopted.

      3.     As part of its regular practice, OLC reviews its formal legal opinions after they are issued to determine whether they may be appropriate for publication.  This process involves consultation with affected agencies or offices.  Likewise, as part of OLC's processing of FOIA requests, it considers whether to make discretionary releases of final legal analysis (again, after appropriate consultation with affected agencies or offices).

      4.     Although OLC thus publishes some opinions and makes discretionary releases of others, much of the office's legal advice must be kept confidential.  One important reason OLC legal advice needs to stay confidential is that it often constitutes part of a larger deliberative process—a process that itself requires confidentiality to be effective.  The Supreme Court long ago recognized that "efficiency of Government would be greatly hampered if, with respect to legal and policy matters, all Government agencies were prematurely forced to 'operate in a fishbowl.'" *Environmental Protection Agency v. Mink*, 410 U.S. 73, 87 (1973) (quoting S. Rep. 813, 89th Cong., 1st Sess., 9 (1965)).  These concerns apply with particular force at OLC where attorneys are often asked to provide advice and analysis with respect to very difficult and unsettled issues of law.  Frequently, such issues arise in connection with highly complex and sensitive operations of the Executive Branch on matters that can be quite controversial.  It is essential to the mission of the Executive Branch that OLC legal advice provided in the context of internal deliberations not be inhibited by concerns about public disclosure in order to ensure the

candor of Executive Branch deliberations so that Executive Branch officials may continue to

request and rely on legal advice from OLC on such sensitive matters.

5.      A second reason OLC legal opinions may need to stay confidential is to protect

the relationship of trust between OLC and the client seeking its legal advice.  As the Supreme

Court has observed, "[t]he attorney-client privilege is the oldest of the privileges for confidential

communications known to the common law.  Its purpose is to encourage full and frank

communication between attorneys and their clients and thereby promote broader public interests

in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S.

383, 389 (1981).  The law generally protects the special relationship of trust between a client and

an attorney when the one seeks and the other provides independent legal advice.  If the request

for advice is made in confidence, both request and advice are protected from compelled

disclosure.  *Id.* at 390 ("the privilege exists to protect not only the giving of professional advice

to those who can act on it but also the giving of information to the lawyer to enable him to give

sound and informed advice.").  In the governmental context, this relationship of trust is especially

important to protect, where a free and candid flow of information between agency decision

makers and their outside legal advisors promotes broad public interests in the rule of law and the

administration of justice. *See In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998) *citing*

*Confidentiality of the Attorney General's Communications in Counseling the President,* 6 Op.

Off. Legal Counsel 481, 495 (1982) (Opinion of Theodore B. Olsen, Assistant Attorney General).

## EFF's FOIA REQUEST

6.      On February 15, 2011, OLC received a FOIA request from David Sobel, Senior

Counsel of the Electronic Frontier Foundation, seeking "a copy of an OLC memorandum dated

-3-

January 8, 2009, analyzing the authority of the FBI under section 2511 of the Stored

Communications Act." (Attached as Exhibit A.)

      7.      By letter dated February 25, 2011 (attached as Exhibit B), I responded to Mr.

Sobel on behalf of OLC, informing him that OLC had identified one document that was

responsive to his request, that we were withholding it pursuant to FOIA Exemptions One and

Five, 5 U.S.C. § 552(b)(1) and (5), because it was both classified and protected by the

deliberative process privilege, and that he had the right to appeal OLC's withholding decision to

the Office of Information Policy of the Department of Justice ("OIP"). On March 18, 2011, Mr.

Sobel filed an appeal of OLC's decision with OIP. (Attached as Exhibit C.)

      8.      On May 19, 2011, before OIP ruled on Mr. Sobel's appeal, Plaintiff Electronic

Frontier Foundation filed the instant lawsuit.

## DOCUMENT AT ISSUE

      9.      The document at issue in this case is a January 8, 2010 Memorandum for Valerie

Caproni, General Counsel of the Federal Bureau of Investigation (the "FBI"), from David J.

Barron, Acting Assistant Attorney General for the Office of Legal Counsel (the "Opinion"). The

OLC Opinion was prepared in response to a November 27, 2009 opinion request from the FBI's

General Counsel and a supplemental request from Ms. Caproni dated December 11, 2009. These

two requests were made in order to obtain OLC advice that would assist FBI's evaluation of how

it should respond to a draft Report by the Office of Inspector General of the Department of

Justice (the "OIG") in the course of a review by the OIG of the FBI's use of certain investigatory

procedures.[1]  In the context of preparing the Opinion, OLC, as is common,[2] also sought and

obtained the views of other interested agencies and components of the Department.  OIG was

aware that the FBI was seeking legal advice on the question from OLC, but it did not submit its

views on the question.

10.     The factual information contained in the FBI's requests to OLC for legal advice

concerned certain sensitive techniques used in the context of national security and law

enforcement investigations—in particular, significant information about intelligence activities,

sources, and methodology.  Many of the individual paragraphs in the FBI's opinion request are

classified at the "S/NF" level, permitting only individuals with an appropriate security clearance

and a need to know to have access to the document.  Those portions of the two letters that are

unclassified contain factual and legal discussions to assist OLC in formulating its Opinion, and

given their context, were clearly intended by the FBI to remain confidential.

11.     The Opinion issued by OLC on January 8, 2010 contains content derived from

confidential and classified communications made by the FBI to OLC.  Those portions of the

Opinion which reflect classified factual information provided to OLC by the FBI are marked

classified.  Those portions of the Opinion that are marked unclassified reflect other confidential

---

[1]  The final OIG report was released with redactions later in January 2010 under the title,
A REVIEW OF THE FEDERAL BUREAU OF INVESTIGATION'S USE OF EXIGENT LETTERS AND OTHER
INFORMAL REQUESTS FOR TELEPHONE RECORDS ("OIG Report").  *Accessible at:*
http://www.justice.gov/oig/special/s1001r.pdf.

[2]  See Memorandum for Attorneys of the Office, from David J. Barron, Acting Assistant
Attorney General, Office of Legal Counsel, *Re: Best Practice for OLC Legal Advice and Written
Opinions*, 3 (July 16, 2010), accessible at http://www.justice.gov/olc/memoranda-opinions.html.

factual as well as confidential legal communications provided by the FBI to OLC for the purpose of obtaining legal advice.

12.     The Opinion has not been made public, and to the extent that it has been shared with others within the Government, these individuals would, pursuant to Executive Order 13,526, only have been persons with an appropriate security clearance and a need to know—that is, individuals whose job responsibilities related to national security.  There is no question that anyone who reviewed the Opinion would have understood the need for confidentiality.

13.     The OLC Opinion is protected by the deliberative process privilege because it is both pre-decisional and deliberative.  It is pre-decisional because it was prepared in connection with the FBI's re-evaluation of sensitive techniques used in national security and law enforcement investigations in response to questions raised about these techniques by the OIG, as well as in the context of the FBI's evaluation of how it would respond to drafts of the OIG Report.  The Opinion is deliberative because it constitutes advice used by decision-makers at the FBI and by other Executive Branch agencies and Department components in the context of their efforts to ensure that any information-gathering procedures comply fully with the law. Compelled disclosure of the Opinion would undermine the deliberative processes of the government and chill the candid and frank communications necessary for effective governmental decision-making.

14.     The foregoing considerations regarding the need for confidential deliberations are particularly compelling in the context of the provision of legal advice, and thus the attorney-client privilege also applies to the OLC Opinion.  The Opinion was requested by the FBI and reflects confidential communications to OLC from the FBI and other agencies.  In providing the

-6-

Opinion, OLC was serving an advisory role as legal counsel to the Executive Branch.  In the context of the FBI's evaluation of its procedures, the general counsel at the FBI sought OLC advice regarding the proper interpretation of the law with respect to information-gathering procedures employed by the FBI and other Executive Branch agencies.  Having been requested to provide counsel on the law, OLC stood in a special relationship of trust with the FBI and the other affected agencies.  Just as disclosure of client confidences in the course of seeking legal advice would seriously disrupt the relationship of trust so critical when attorneys formulate legal advice to their clients, disclosure of the advice itself would be equally disruptive to that trust.

15.  In conclusion, I respectfully submit that the OLC Opinion is covered by both the deliberative process and the attorney-client privileges and accordingly falls squarely within Exemption Five of the FOIA, 5 U.S.C. § 552(b)(5), which authorizes withholding of any document that is protected by any of the privileges available to the government in litigation with the agency.  The compelled disclosure of the OLC Opinion would harm the deliberative processes of the government and would disrupt the attorney-client relationship between OLC and its clients throughout the Executive Branch.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: November 10, 2011

PAUL P. COLBORN

# EXHIBIT A



**Electronic Frontier Foundation**
Protecting Rights and Promoting Freedom on the Electronic Frontier

February 15, 2011

**BY EMAIL** — Bette.Farris@usdoj.gov

Bette Farris, Supervisory Paralegal
Office of Legal Counsel
Department of Justice
Room 5515
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

RE: <u>Freedom of Information Act Request</u>

Dear Ms. Farris:

This letter constitutes an expedited request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the Office of Legal Counsel ("OLC") on behalf of the Electronic Frontier Foundation ("EFF"). We make this request as part of EFF's FOIA Litigation for Accountable Government ("FLAG") Project, which works to obtain government documents and make them widely available to the public.

We hereby request a copy of an OLC memorandum dated January 8, 2010, analyzing the authority of the FBI under Section 2511 of the Stored Communications Act.

**Request for News Media Fee Status**

EFF asks that it not be charged search or review fees for this request because EFF qualifies as a representative of the news media pursuant to the FOIA and 28 C.F.R. § 16.11(b)(6). In requesting this classification, we note that the Department of Homeland Security, National Security Agency, and Department of State have recognized that EFF qualifies as a "news media" requester, based upon the publication activities set forth below. We further note that the U.S. Court of Appeals for the D.C. Circuit has stressed that "different agencies [must not] adopt inconsistent interpretations of the FOIA." *Al-Fayed v. CIA*, 254 F.3d 300, 307 (D.C. Cir. 2001), quoting *Pub. Citizen Health Research Group v. FDA*, 704 F.2d 1280, 1287 (D.C. Cir. 1983).

EFF is a non-profit public interest organization that works "to protect and enhance our core civil liberties in the digital age."[1] One of EFF's primary objectives is "to educate the press, policymakers and the general public about online civil liberties."[2] To accomplish this goal,

---

[1] Guidestar Basic Report, Electronic Frontier Foundation, http://www.guidestar.org/pqShowGsReport.do?npoId=561625 (last visited Feb. 1, 2008).
[2] *Id.*

1818 N Street, N.W., Suite 410 • Washington, DC 20036
☎ +1 202 797 9009   🖷 +1 202 797 9066   🌐 www.eff.org   ✉ information@eff.org

Office of Legal Counsel
February 15, 2011
Page two

First, EFF maintains a frequently visited web site, http://www.eff.org, which received 46,682,194 hits in July 2007 — an average of 62,744 per hour. The web site reports the latest developments and contains in-depth information about a variety of civil liberties and intellectual property issues.

EFF has regularly published an online newsletter, the EFFector, since 1990. The EFFector currently has more than 77,000 subscribers. A complete archive of past EFFectors is available at http://www.eff.org/effector/.

Furthermore, EFF publishes a blog that highlights the latest news from around the Internet. DeepLinks (http://www.eff.org/deeplinks/) reports and analyzes newsworthy developments in technology. It also provides miniLinks, which direct readers to other news articles and commentary on these issues. DeepLinks had 510,633 hits in July 2007.[1]

In addition to reporting hi-tech developments, EFF staff members have presented research and in-depth analysis on technology issues in no fewer than eighteen white papers published since 2002. These papers, available at http://www.eff.org/wp/, provide information and commentary on such diverse issues as electronic voting, free speech, privacy and intellectual property.

EFF has also published several books to educate the public about technology and civil liberties issues. *Everybody's Guide to the Internet* (MIT Press 1994), first published electronically as *The Big Dummy's Guide to the Internet* in 1993, was translated into several languages, and is still sold by Powell's Books (http://www.powells.com). EFF also produced *Protecting Yourself Online: The Definitive Resource on Safety, Freedom & Privacy in Cyberspace* (HarperEdge 1998), a "comprehensive guide to self-protection in the electronic frontier," which can be purchased via Amazon.com (http://www.amazon.com). Finally, *Cracking DES: Secrets of Encryption Research, Wiretap Politics & Chip Design* (O'Reilly 1998) revealed technical details on encryption security to the public. The book is available online at http://cryptome.org/cracking -des.htm and for sale at Amazon.com.

Most recently, EFF has begun broadcasting podcasts of interviews with EFF staff and outside experts. *Line Noise* is a five-minute audio broadcast on EFF's current work, pending legislation, and technology-related issues. A listing of *Line Noise* podcasts is available at feed://www.eff.org/rss/linenoisemp3.xml and feed://www.eff.org/rss/ linenoiseogg.xml. These podcasts were downloaded more than 2,600 times from EFF's web site in July 2007.

---

[3] These figures include hits from RSS feeds through which subscribers can easily track updates to DeepLinks and miniLinks.

Office of Legal Counsel
February 15, 2011
Page three

Thank you for your consideration of this request.  If you have any questions or concerns, please do not hesitate to contact me at (202) 797-9009 x. 104.  As the FOIA provides, I will anticipate a determination on this request from your office within 20 working days.

I certify that, to the best of my knowledge, all information within this request is true and correct.

Sincerely,

David L. Sobel
Senior Counsel

# EXHIBIT B

**U.S. Department of Justice**

Office of Legal Counsel

_____

*Washington, D.C. 20530*

February 25, 2011

David L. Sobel
Electronic Frontier Foundation
1818 N Street, N.W.
Suite 410
Washington, DC 20036

Dear Mr. Sobel:

   This is in response to your Freedom of Information Act ("FOIA") request dated February 15, 2011. We have searched the files of the Office of Legal Counsel and have found one document that is responsive to your request. We are withholding the document pursuant to FOIA Exemptions One and Five, 5 U.S.C. § 552(b)(1) and (5). It is classified and protected by the deliberative process privilege.

   I am required by statute and regulation to inform you that you have the right to file an administrative appeal. Any administrative appeal must be received within 60 days of the date of this letter by the Office of Information Policy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                    Sincerely,

                    *Paul P. Colborn*

                    Paul P. Colborn
                    Special Counsel

# EXHIBIT C

**ELECTRONIC FRONTIER FOUNDATION**
Protecting Rights and Promoting Freedom on the Electronic Frontier

AP-2011-01420

March 9, 2011

Office of Information Policy
Department of Justice
Flag Building, Suite 570
Washington, DC 20530-0001

FOIA
(A)
RECEIVED
MAR 1 8 2011
Office of Information Policy

KWC

Re: Freedom of Information Act Appeal

Dear Sir or Madam:

This letter constitutes an appeal under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, and is submitted on behalf of the Electronic Frontier Foundation ("EFF"). By letter to the DOJ Office of Legal Counsel ("OLC") dated February 15, 2011 (attached hereto), EFF requested disclosure of an OLC memorandum dated January 8, 2010, analyzing the authority of the FBI under Section 2511 of the Stored Communications Act. The memorandum was discussed in a DOJ Inspector General's report titled, "A Review of the Federal Bureau of Investigation's Use of Exigent Letters and Other Informal Requests for Telephone Records" (January 2010) at pp. 264-265.

By letter to EFF dated February 25, 2011 (attached hereto), the OLC denied the request, stating that the document is being withheld in its entirety under FOIA Exemptions One and Five. EFF appeals that determination on the ground that a legal analysis that apprently governs the FBI's exercise of its statutory authority cannot properly be classified or withheld under the "deliberative process" privilege. At the very least, substantial portions of the document should be reasonably segregable and subject to disclosure.

As the FOIA requires, I wil anticipate your determination of this appeal within twenty (20) working days. Thank you for your consideration of this matter.

Sincerely,

David L. Sobel
Senior Counsel

attachments

1818 H Street, N.W., Suite 410 • Washington, DC 20036 USA
+1 202 797 9009     +1 202 797 9066     www.eff.org     information@eff.org